UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAMELA K. HINES,

    Plaintiff,

v.

                                      Case No: 5:16-cv-265-Oc-18PRL

COMMISSIONER OF SOCIAL
SECURITY

    Defendant.

## REPORT AND RECOMMENDATION[1]

Plaintiff appeals the administrative decision denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Upon a review of the record, the memoranda, and the applicable law, I recommend that the Commissioner's decision be **AFFIRMED.**

*approved & So ordered
4 June 17*
*G. KENDALL SHARP
U.S. DISTRICT JUDGE*

### BACKGROUND

In June 2011, Plaintiff filed applications for DIB and SSI benefits, alleging disability beginning May 17, 2010. (Tr. 301-07, 308-10). The claim was denied initially, and upon reconsideration. After a hearing (Tr. 102-41), an ALJ found Plaintiff not disabled. (Tr. 149-63). On April 9, 2014, the Appeals Council granted Plaintiff's request for review and remanded her claim back to an ALJ for further action. (Tr. 170-73).

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

The ALJ held a supplemental hearing on October 20, 2014.  (Tr. 75-101).  The ALJ issued an unfavorable decision on December 30, 2014, finding Plaintiff not disabled.  (Tr. 46-66).  Plaintiff's request for review was denied by the Appeals Council (Tr. 1-7), and Plaintiff initiated this action on April 8, 2016.  (Doc. 1).  Plaintiff has exhausted her administrative remedies, and the final decision of the Commissioner is ripe for review under 42 U.S.C. § 405(g).

Based on a review of the record, the ALJ found that Plaintiff had the following severe impairments:  asthma with chronic obstructive pulmonary disease; degenerative disk disease of the cervical and lumbar spine; hypertension; and major depressive disorder.  (Tr. 26).

The ALJ found that the Plaintiff had the residual functional capacity to perform less than the full range of sedentary work.  (Tr. 50-51).  The ALJ found that Plaintiff would require work that is simple and unskilled, or very low semi-skilled in nature, which are tasks performed so frequently as to be considered routine, even though the tasks themselves might not be considered simple (work with a svp of 3 or below).  She could lift and carry 10 pounds.  She could sit (with normal breaks) for a total of two hours in an eight-hour workday.  She should avoid frequent ascending and descending stairs.  She should avoid pushing and pulling motions with her lower extremities within the aforementioned weight restrictions.  Due to mild to moderate pain and medication side effects, she should avoid hazards in the workplace such as unprotected areas of moving machinery; heights; ramps; ladders; scaffolding; and on the ground, unprotected areas of holes and pits.  She could perform each of the following postural activities occasionally: balancing, stooping, crouching, kneeling, and crawling, but not the climbing of ropes, scaffolds, or ladders exceeding six feet in height.  She has non-exertional mental limitations which frequently affect her ability to concentrate upon complex or detailed tasks, but she would remain capable of understanding, remembering, and carrying out the job instructions outlined earlier;

making work related judgments and decisions; responding appropriately to supervision, co-workers and work situations; and dealing with changes in a routine work setting.

Then, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy, such as there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as an appointment clerk, a maintenance service dispatcher, and a police aide.  (Tr. 64-65).  Accordingly, the ALJ determined that Plaintiff is not disabled.

## II.    STANDARD OF REVIEW

A claimant is entitled to disability benefits when he or she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months.    42 U.S.C. §§416(i)(1), 423(d)(1)(A); 20 C.F.R. §404.1505(a).

The Commissioner has established a five-step sequential analysis for evaluating a claim of disability, which is by now well-known and otherwise set forth in the ALJ's decision.  *See* 20 CFR §§ 404.1520(a), 416.920(a); *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The claimant, of course, bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987).

The scope of this Court's review is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988)(citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).  Indeed, the Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g).  Substantial evidence is more than a scintilla – i.e., the

evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). This is clearly a deferential standard.

## III.   DISCUSSION

Based on Plaintiff's argument heading, it would appear that the issue raised in her brief is whether she is disabled because she would need more and longer breaks than workers are permitted during a regular workday. However, other than reciting boiler plate language discussing the impact that hypothetical physical and mental impairments could have on a worker's need to take extra breaks, Plaintiff fails to explain what (if any) evidence shows that she, in fact, needs to take more breaks than the ALJ found. (Doc. 23 at 11-18). And while Plaintiff has been diagnosed with impairments that could possibly require a person to take extra breaks, the mere diagnosis standing alone, fails to undermine the ALJ's decision that is otherwise supported by substantial evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 & n.6 (11th Cir. 2005) (explaining that "the mere existence of these impairments does not reveal the extent to which they limit her ability to work or undermine the ALJ's determination in that regard.").

Next, Plaintiff argues that the ALJ failed to resolve a conflict identified by the Appeals Council in its remand order. (Doc. 23 at 18-20). Specifically, the Appeals Council noted that

the ALJ limited Plaintiff to unskilled work, but then found in the hypothetical, that she could perform semi-skilled work. (Tr. 171). Contrary to Plaintiff's nonsensical argument, the ALJ specifically resolved that conflict and concluded in his RFC determination that Plaintiff "would require work which is simple and unskilled, or very low semi-skilled in nature, which are tasks performed so frequently as to be considered routine, even though the tasks themselves might not considered simple (work with a svp of 3 or below)." (Tr. 50-51). The ALJ then posed a hypothetical that accurately reflected the ALJ's RFC finding. (Tr. 91-93).

Plaintiff next contends that the ALJ failed to properly weigh the August 2012 functional assessment completed by Karen Hartsell, PT, DPT, in which she opined that Plaintiff could not meet the requirements of even sedentary work. (Tr. 1289-1301). However, Plaintiff neither explains how the ALJ specifically erred, nor points to any record evidence supporting Ms. Hartsell's opinion of disabling limitations.

As an initial matter, because Ms. Hartsell is a physical therapist, not a physician, her opinions are not entitled to any special significance or consideration. *See e.g.*, 20 C.F.R. §§ 404.1502, 404.1513(a), (d). Even so, the ALJ considered Ms. Hartsell's opinion at length and accorded it "some weight." (Tr. 57, 62). In addition to noting that Ms. Hartsell is not a qualified medical provider, the ALJ explained that her opinion is not bolstered by other record evidence; her questionnaire was not adequately supported by an explanation; and she only treated Plaintiff on one occasion on a referral from Plaintiff's representative in the administrative proceedings. (Tr. 62).

In reviewing Ms. Hartsell's assessment, it is unclear whether the opined functional limitations are supported by Ms. Hartsell's objective findings on examination and/or by Plaintiff's subjective complaints. Moreover, the ALJ pointed to other record evidence that did not support

such disabling limitations. For example, the ALJ accorded significant weight to the July 2011 evaluation conducted by Dr. Samer Choksi. (Tr. 61, 1199-1208). Dr. Choksi noted that other than surgical scars, Plaintiff's extremities were normal; she had full strength in her extremities, including grip strength; her gait was normal; her straight leg raise test was negative; she was able to walk one block at a normal pace and could walk over rough or uneven surfaces; she was able to squat and heel-to-toe walk. Dr. Choksi opined that Plaintiff's subjective complaints were not consistent with objective medical findings.

The ALJ also noted that Plaintiff's treatment has been essentially routine and/or conservative in nature. (Tr. 60). She treated at the Marion County Health Department during 2010 and 2011 for hypertension, migraines, asthma, and low back pain. (Tr. 60-61, 1188-97, 1210-23). As the ALJ discussed, other than tenderness in her lumbar spine and limited range of motion in the back in April 2011, most of Plaintiff's follow up visits showed normal physical and neurological examinations. Likewise, Plaintiff's treatment at Heart of Florida Healthcare did not support disabling limitations. (Tr. 1302-34). In July 2013, Plaintiff reported feeling better with no complaints. (Tr. 1320). Her back pain was in control and she reported no recent headaches. In October 2013, Plaintiff reporting feeling in "good condition" and her condition was "well controlled" since her last visit. (Tr. 1311). On January 13, 2014, Plaintiff had been "well controlled" since her last visit. (Tr. 1302). Accordingly, the ALJ did not err in his consideration of Ms. Hartsell's opinion and his decision to accord it only "some weight" is supported by substantial evidence.

Lastly, Plaintiff argues that the ALJ erred by finding that she had transferable skills at step five of the sequential evaluation. "Transferable skills" refers to "skills that can be used in other jobs, when the skilled or semi-skilled work activities [the claimant] did in past work can be used

to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1). Whether an individual of advanced age (over age 55) has transferable skills "depends largely on the similarity of occupationally significant work activities among different jobs." 20 C.F.R. §§ 404.1568(d)(1), 416.968(d)(1). Transferability is most likely among jobs that require the same or a lesser degree of skill, utilize the same or similar tools, and use the same or similar products, processes, or services. §§ 404.1568(d)(2), 416.968(d)(2). Complete similarity among all these factors is not necessary for transferability. §§ 404.1568(d)(3), 416.968(d)(3).

"An ALJ relies on the testimony of a VE to determine what level of skill the claimant achieved in his past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs." *Zimmer v. Comm'r of Social Sec.*, 211 Fed.Appx 819, 820 (11th Cir. 2006). The VE's testimony "trumps" other sources of information with regard to skill level and alternative jobs; and the ALJ may rely on the VE's testimony, unless the VE is proven incorrect. *Id.*

Here, the ALJ found that Plaintiff could perform other work in the national economy based on the VE's testimony that the skills Plaintiff acquired during her past relevant work are transferable to other semiskilled jobs. (Tr. 64-65). Specifically, the VE testified that the police aide position would have a similar work setting, work processes, and tools to Plaintiff's past work as a dispatcher, and the appointment clerk would have a similar work setting, work processes, and tools to Plaintiff's past work as a receptionist. (Tr. 98-99). Plaintiff has failed to offer any argument or evidence showing that she is unable to perform the positions of appointment clerk

and/or police aide.[2]   Accordingly, I submit that substantial evidence supports the ALJ's finding of transferable skills.

## IV.   RECOMMENDATION

For the reasons stated above, it is **RECOMMENDED** that the ALJ'S decision should be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

**DONE and ORDERED** in Ocala, Florida on May 11, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] To the extent the ALJ erred in relying on the maintenance service dispatcher position, the error is harmless since Plaintiff can perform work as an appointment clerk and a police aide.